

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00216-CR

_____

PHYLLIS GWEN PRUITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43975-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Phyllis Gwen Pruitt entered an open plea of guilty to the offense of possession of methamphetamine in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). After receiving her written stipulation of evidence and judicial confession to the crime, the trial court sentenced Pruitt to seven years' imprisonment. Pruitt appeals.

Pruitt's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On February 24, 2015, counsel mailed to Pruitt a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Pruitt of her right to review the record and file a pro se response. Counsel informed Pruitt that any pro se response was due within thirty days of February 24, 2015. Pruitt has neither filed a pro se response, nor requested an extension of time in which to file such a response.

In *Anders* cases, appellate courts are authorized to modify judgments and affirm them as modified when we find nonreversible error. *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases modifying judgments in *Anders* cases). Here, the trial court's judgment ordered Pruitt to pay $680.00 in attorney fees for court-appointed counsel. The record establishes that Pruitt is indigent. Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees by an indigent defendant only if "the court determines that [such] defendant has financial resources that enable [her] to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2014). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees'" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the record contains no determination or finding by the trial court that Pruitt had financial resources or was otherwise able to pay the appointed attorney fees. Thus, the assessment of attorney fees was erroneous and should be removed. *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.). Accordingly, we will modify the trial court's judgment by deleting the award of attorney fees.

Except for deleting the award of attorney fees, we have determined that this appeal is wholly frivolous and that no reversible error exists. We have independently reviewed the clerk's

and reporter's records, and we agree that no other arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We modify the trial court's judgment by deleting from the judgment the award of attorney fees for appointed counsel in the amount of $680.00. We affirm the trial court's judgment, as modified.[1]

Josh R. Morriss, III
Chief Justice

Date Submitted:    May 4, 2015
Date Decided:      May 5, 2015

Do Not Publish

---

[1]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.